IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DOMINION TRANSMISSION, INC.,

          Plaintiff,

   vs.                              Civil Action 2:11-CV-836
                                      Judge Sargus
                                      Magistrate Judge King

JOSEPH DETWEILER, *et al.*,

          Defendants.


## OPINION AND ORDER

This matter is before the Court on *Contract Land Staff, LLC's Motion to Stay Discovery Pending Resolution of Dispositive Motions* ("*Motion to Stay*"), Doc. No. 52, which is unopposed, and the *Second Joint Motion to Amend Case Schedule* ("*Joint Motion to Amend Scheduling Order*"), Doc. No. 53.  For the reasons that follow, both motions are **DENIED**.

I.    **Background**

This case was filed on September 19, 2011.  *Complaint*, Doc. No. 2.  The case was stayed from October 14, 2011 through January 5, 2012, pending bankruptcy proceedings of defendant J.J. Detweiler Enterprises, Inc., filed in the United States Bankruptcy Court for the Northern District of Ohio.  *See* Doc. Nos. 12, 13.

After the stay was lifted, this Court issued a *Preliminary Pretrial Order*, Doc. No. 21, requiring, *inter alia*, that all discovery be completed by November 1, 2012.  That order specifically advised the parties "that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by

that date." *Id*. at p. 2. The Court, upon joint motion, amended the case schedule on September 27, 2012, to require the completion of all discovery by March 1, 2013. *Entry Granting Joint Motion to Amend Case Schedule*, Doc. No. 43.

On August 22, 2012, plaintiff/counter defendant Dominion Transmission, Inc., filed a motion to dismiss the counterclaims filed against it by defendants/counter claimants Joseph Detweiler and J.J. Detweiler Enterprises, Inc., Doc. No. 30. On September 14, 2012, third party defendant Contract Land Staff, LLC ("CLS"), filed a motion for judgment on the pleadings, Doc. No. 40. Third-party defendant Rockies Express Pipeline LLC filed a motion for judgment on the pleadings, Doc. No. 46, on October 12, 2012. CLS now seeks to stay discovery pending resolution of the dispositive motions. *Motion to Stay*, p. 1. The parties also jointly seek a sixty day extension of the discovery, expert report production and motion for summary judgment deadlines. *Joint Motion to Amend the Scheduling Order*, p. 1.

## II. Motion to Stay

The Court has broad discretion to manage the conduct of discovery and to control its docket. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996); *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010). In determining whether or not to grant a stay of discovery, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-549, 2008 WL 641242, at *1 (S.D. Ohio Mar. 4, 2008)). Alleged costs associated with discovery, without

2

details of a specific burden, are unlikely to justify a stay of discovery. *See, e.g., City of Lancaster v. Flagstar Bank, FSB*, No. 10-cv-1041, 2011 WL 1326280, at *4-5 (S.D. Ohio Apr. 5, 2011) (refusing to stay discovery where, *inter alia*, the party seeking the stay "makes no effort to detail the specific burdens it will face from discovery in this case; nor does it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion"). Courts in this division have also "frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.'" *Id.* at *3 (quoting *Bowens*, 2010 WL 3719245 at *2). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2-3 (S.D. Ohio Sept. 7, 2010) (denying motion to stay discovery).

In the case presently before the Court, CLS seeks a stay of discovery pending resolution of the pending dispositive motions. *Motion to Stay*, p. 1. CLS argues that "discovery is not necessary for this Court to render a decision on the dispositive motions," that a stay would not unduly prejudice any party, and that there is a high likelihood that the pending dispositive motions will be granted. *Id.* at pp. 4-5. CLS also argues that it will be prejudiced if a stay is not granted because it "would be forced to incur the expenses of defending a case that may be dismissed on legal grounds." *Id.* at p. 4. These arguments are without merit.

First, CLS relies on the pending dispositive motions to justify a stay of discovery, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery. *See Ohio Bell Tel. Co.*, 2008 WL 641252 at *1. Second, the fact that "discovery is not necessary for this Court to render a

3

decision on the dispositive motions," *see Motion to Stay*, p. 4, adds nothing to the argument because discovery is never necessary for the resolution of a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings.  Further, CLS has failed to demonstrate that discovery will be unduly burdensome under the circumstances.  In contending that it will be prejudiced by having to proceed with discovery, CLS relies solely on the notion that discovery may prove unnecessary if the dispositive motions are granted.  *See id.* CLS makes no effort, however, to detail the specific burdens it will face should it be required to proceed with discovery nor does it explain how any such prejudice is different from that experienced by every other party that files a potentially case-dispositive motion with this Court.  Finally, having reviewed the case dispositive motions and related briefing, it is apparent that none of the parties' contentions are frivolous.  *See Williams*, 2010 WL 3522397 at *2 (suggesting that a motion to stay might be appropriate where "it is patent that the case lacks merit and will almost certainly be dismissed"); *Ohio Bell Tel. Co.*, 2008 WL 641252 at *2 (refusing to stay discovery due to a dispositive motion where the issues the motion raised were "fairly debatable").  CLS's *Motion to Stay*, Doc. No. 52, is therefore **DENIED**.

## II.  Joint Motion to Amend

On February 14, 2013, the parties filed a joint motion to amend the scheduling order in which they request a sixty day extension of the dates by which they must complete discovery, file expert reports and file motions for summary judgment.  *Joint Motion to Amend the Scheduling Order*, p. 1.  The requested extension was made  "to defer the unnecessary cost of discovery on issues that may be eliminated by

this Court's decision on the pending dispositive motions." *Id.* at p. 4.

Rule 16(b) of the Federal Rules of Civil Procedure requires the Court, in each civil action not exempt from that rule, to issue a scheduling order that, *inter alia*, limits the time to complete discovery. Fed. R. Civ. P. 16(b). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

In the case presently before the Court, the parties have utterly failed to establish good cause for modifying the scheduling order. The parties have not demonstrated that they made any attempt whatsoever to complete discovery prior to the March 1, 2013 deadline, despite previously having been granted a 120 day extension, *see Entry Granting Joint Motion to Amend Case Schedule*, Doc. No. 43, and being advised "that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date." *Preliminary Pretrial Order*, Doc. No. 21, p. 2. In fact, it appears that Dominion Transmission, Inc., may be the only party to have engaged in any discovery in this matter. *See Motion to Stay*, p. 3 ("Although the Parties agreed to defer the cost of discovery, Dominion has recently served CLS, REX, and Detweiler with written discovery requests presumably because of the imminent discovery cut-

5

off."), 4 ("It must also be noted that the only party that has
attempted to engage in discovery is Dominion . . . .").  Furthermore,
the only reason cited for the requested extension – *i.e.*, to defer the
cost of discovery pending resolution of dispositive motions - is not,
in this Court's opinion, sufficient to establish good cause.  The
*Joint Motion to Amend Scheduling Order*, Doc. No. 53, is therefore
**DENIED**.

Based on the foregoing, the *Motion to Stay*, Doc. No. 52, is
**DENIED**.  The *Joint Motion to Amend Scheduling Order*, Doc. No. 53, is
also **DENIED**.


March 11, 2013                          *s/Norah McCann King*
                                        Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge